IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GREGORY JOSEPH PODLUCKY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 23-858 |
| | ) |
| THE LINDSAY LAW FIRM, P.C., | ) |
| | ) |
| Defendant. | ) |

# MEMORANDUM ORDER

Presently before the Court is *pro se* Plaintiff Gregory Joseph Podlucky's Motion to Proceed In Forma Pauperis filed on May 23, 2023, (Docket No. 1), along with a proposed Complaint, which was lodged pending disposition of the IFP Motion. (Docket No. 1-1). After reviewing Plaintiff's IFP Motion, the Court finds that he is without sufficient funds to pay the required filing fee. Thus, Plaintiff will be granted leave to proceed in forma pauperis.

Turning to Plaintiff's Complaint, 28 U.S.C. § 1915(e)(2)(B) gives the Court the authority to screen and dismiss a complaint if it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii); *Brown v. Sage*, 941 F.3d 655, 659 (3d Cir. 2019). In analyzing whether a complaint fails to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii), the Court applies the same standard governing motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Heffley v. Steele*, 826 F. App'x 227, 230 (3d Cir. 2020) (citation omitted).

To survive a Rule 12(b)(6) motion to dismiss for failure to state a claim, the well-pleaded factual content in the complaint must allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), and

also "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted).  When analyzing a motion to dismiss, the factual allegations should be separated from allegations that merely recite the legal elements of the claim.  *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009).  The well-pleaded facts are accepted as true, but legal conclusions may be disregarded.  *Id.* at 210-11.  Next, a determination is made as to "whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.' "  *Id.* at 211 (quoting *Iqbal*, 556 U.S. at 679).  This "plausibility" determination is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Iqbal*, 556 U.S. at 679.

Given that Plaintiff is proceeding *pro se*, the Court liberally construes his Complaint and employs less stringent standards than when judging the work product of an attorney.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  However, there are limits to the Court's procedural flexibility - "pro se litigants still must allege sufficient facts in their complaints to support a claim . . . they cannot flout procedural rules - they must abide by the same rules that apply to all other litigants."  *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citations omitted).

Initially, the Court notes that Plaintiff's proposed Complaint is extremely difficult to decipher.[1]  However, as the Court interprets the Complaint, Plaintiff presumably seeks to assert a claim for breach of contract against Defendant, The Lindsay Law Firm.[2]  (*See* Docket No. 1-1).  To that end, Plaintiff alleges that Defendant "breached its contract of services" by "fail[ing] to

---

[1] Pursuant to the Federal Rules of Civil Procedure, a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Although cognizant that Plaintiff is proceeding *pro se*, the Court nonetheless notes that his Complaint does not come close to complying with this requirement.  As noted, Plaintiff's Complaint is very difficult to interpret.

[2] This is verified by the accompanying Civil Cover Sheet, on which Plaintiff checked a box under "Nature of Suit" indicating that it is "Other Contract," and he described his cause of action as "breach of contract by attorney."  (Docket No. 1-2 at 1).

follow the terms and conditions of its retainer agreement and subsequent Plea Agreement it executed." (Docket No. 1-1 at 10, ¶¶ 9, 11).  These allegations are insufficient to plausibly allege a breach of contract claim.  Under Pennsylvania law, "three elements are necessary to plead a cause of action for breach of contract: (1) the existence of a contract, including its essential terms[;] (2) a breach of the contract; and[ ] (3) resultant damages." *Doe v. Univ. of Sciences*, 961 F.3d 203, 211 (3d Cir. 2020) (quoting *Meyer, Darragh, Buckler, Bebenek & Eck, P.L.L.C. v. Law Firm of Malone Middleman, P.C.*, 137 A.3d 1247, 1258 (Pa. 2016)).  Plaintiff's Complaint is devoid of any allegations identifying or describing the essential terms of a contract between him and Defendant,[3] how Defendant supposedly breached that contract, and that he suffered damages as a result of the breach.

In sum, as currently pled, the Court finds that Plaintiff's Complaint fails to state a claim on which relief may be granted, and therefore the Complaint will be dismissed without prejudice to Plaintiff filing an Amended Complaint to the extent that he is able to state a plausible claim for relief.  *See e.g., Duglas v. Kamper*, Civ. No. 19-3010, 2019 WL 3230931, at *1 (E.D. Pa. July 17, 2019) (after granting in forma pauperis status, the Court "must review the pleadings and dismiss the matter if it determines that the action is frivolous, malicious, or fails to set forth a proper basis for this Court's subject matter jurisdiction.") (citing 28 U.S.C. § 1915(e)(2)(B)); *Spell v. Allegheny*

---

[3]    Plaintiff only broadly asserts that Defendant allegedly "breached its contract of services" by "fail[ing] to follow the terms and conditions of its retainer agreement and subsequent Plea Agreement it executed." (Docket No. 1-1 at 10, ¶¶ 9, 11).  As discussed above, Plaintiff does not identify or describe the essential terms of the alleged "contract of services" or "retainer agreement" between him and Defendant.  Further, to the extent Plaintiff claims that Defendant somehow breached the plea agreement he attached as an exhibit to his Complaint, any such claim fails.  The plea agreement clearly states at the outset that "the [plea] letter represents the full and complete agreement ***between Gregory J. Podlucky and the United States Attorney for the Western District of Pennsylvania***," and concludes by reiterating that "[t]his letter sets forth the full and complete terms and conditions of the agreement ***between Gregory J. Podlucky and the United States Attorney for the Western District of Pennsylvania***." (Docket No. 1-5 at 2, 8) (emphasis added).  Finally, Plaintiff signed the agreement, thereby acknowledging that "***it fully sets forth my agreement with the Office of the United States Attorney for the Western District of Pennsylvania***." (*Id.* at 9) (emphasis added).  Attorney Alexander Lindsay's signature appears on the plea agreement as a witness thereto, but Attorney Lindsay is not a party to the agreement. (*Id.*).  As stated, the plea agreement was between Plaintiff and the Office of the United States Attorney for this District.

*Cty. Admin.*, Civ. No. 14-1403, 2015 WL 1321695, at *7 (W.D. Pa. Mar. 24, 2015) (permitting amendment by *pro se* plaintiff where "the facts alleged [in the complaint] are simply too vague, and the theories of liability too poorly articulated" for the Court "to determine whether allowing [him] to amend . . . would be futile").

Accordingly, in view of the foregoing, the Court enters the following Order:

AND NOW, this 26th day of May, 2023, IT IS HEREBY ORDERED as follows:

(1) Plaintiff's Motion for Leave to Proceed In Forma Pauperis (Docket No. 1) is GRANTED;

(2) Plaintiff's Complaint (Docket No. 1-1) is DISMISSED WITHOUT PREJUDICE to amendment by Plaintiff to the extent that he is able to state a plausible claim for relief; and,

(3) To the extent Plaintiff wishes to file an Amended Complaint, he must do so by June 30, 2023. If Plaintiff fails to file an Amended Complaint by June 30, 2023, the case will be closed.

*s/ W. Scott Hardy*
W. Scott Hardy
United States District Judge

cc:   Gregory J. Podlucky (via U.S. mail)
      Inmate No. 30494-068
      RRM Phoenix
      Residential Reentry Office
      230 North First Avenue, Suite 405
      Phoenix, AZ 85003

      Gregory J. Podlucky (via U.S. mail)
      15 Gold Coin Court
      Colorado Springs, CO  80919