IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GREGORY JOSEPH PODLUCKY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 23-858 |
| | ) |
| THE LINDSAY LAW FIRM, P.C., | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM ORDER

*Pro se* Plaintiff Gregory Podlucky previously filed a Motion to Proceed In Forma Pauperis, along with a proposed Complaint, which was lodged pending disposition of the IFP Motion. (Docket Nos. 1, 1-1). After reviewing Plaintiff's IFP Motion, the Court entered a Memorandum Order on May 26, 2023, finding that he was without sufficient funds to pay the required filing fee and granting him leave to proceed in forma pauperis. (Docket No. 4 at 1). As to Plaintiff's proposed Complaint, the Court found that the Complaint, as pled, failed to state a claim on which relief may be granted, and dismissed the Complaint without prejudice to Plaintiff filing an Amended Complaint to the extent that he could state a plausible claim for relief. (*Id.* at 3). To the extent Plaintiff wished to file an Amended Complaint, he was ordered to do so by June 30, 2023, or the case would be closed. (*Id.* at 4). On June 11, 2023, Plaintiff filed an Amended Complaint.[1] (Docket No. 8).

---

[1] Plaintiff also filed a Motion for Leave to File an Amended Complaint, (Docket No. 10), which was unnecessary given that the Court already had granted him permission to file an Amended Complaint by June 30, 2023. Although the Court will grant Plaintiff's Motion for Leave to File an Amended Complaint, his Amended Complaint will be dismissed with prejudice for the reasons explained herein. Consequently, Plaintiff's Second Motion for Authorization to Obtain Service of Process Without Prepayment of the U.S. Marshal Fee, (Docket No. 9), will be denied as moot.

1

Turning to Plaintiff's Amended Complaint, 28 U.S.C. § 1915(e)(2)(B) gives the Court the authority to screen and dismiss a complaint if it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii); *Brown v. Sage*, 941 F.3d 655, 659 (3d Cir. 2019). In analyzing whether a complaint fails to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii), the Court applies the same standard governing motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Heffley v. Steele*, 826 F. App'x 227, 230 (3d Cir. 2020) (citation omitted).

To that end, to survive a Rule 12(b)(6) motion to dismiss for failure to state a claim, the well-pleaded factual content in the complaint must allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), and also "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). When analyzing a motion to dismiss, the factual allegations should be separated from allegations that merely recite the legal elements of the claim. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). The well-pleaded facts are accepted as true, but legal conclusions may be disregarded. *Id.* at 210-11. Next, a determination is made as to "whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.' " *Id.* at 211 (quoting *Iqbal*, 556 U.S. at 679). This "plausibility" determination is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

Given that Plaintiff is proceeding *pro se*, the Court liberally construes his Amended Complaint and employs less stringent standards than when judging the work product of an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, there are limits to the Court's procedural flexibility - "pro se litigants still must allege sufficient facts in their complaints to

2

support a claim . . . they cannot flout procedural rules - they must abide by the same rules that apply to all other litigants." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citations omitted).

A review of Plaintiff's Amended Complaint indicates that he once again purports to allege a breach of contract claim against Defendant, The Lindsay Law Firm, as well as a new claim for intentional infliction of emotional distress ("IIED"). (*See* Docket No. 8 at 1) (specifying that Plaintiff "brings this Amended Complaint against [Defendant] for breach of contract and intentional infliction of emotional distress"). Plaintiff has failed to plausibly allege either claim.

First, Plaintiff's allegations in his Amended Complaint are insufficient to plausibly allege a breach of contract claim. Under Pennsylvania law, "three elements are necessary to plead a cause of action for breach of contract: (1) the existence of a contract, including its essential terms[;] (2) a breach of the contract; and[ ] (3) resultant damages." *Doe v. Univ. of Sciences*, 961 F.3d 203, 211 (3d Cir. 2020) (quoting *Meyer, Darragh, Buckler, Bebenek & Eck, P.L.L.C. v. Law Firm of Malone Middleman, P.C.*, 137 A.3d 1247, 1258 (Pa. 2016)). Although Plaintiff now attaches a copy of his Fee Agreement with Defendant, (*see* Docket No. 8 at 3-6), he does not allege how Defendant supposedly breached any of the terms contained in the Fee Agreement and that he suffered damages as a result. Plaintiff's allegation that Defendant "failed to follow the terms and conditions of the Fee Agreement by not having the Certain Personal Pieces returned pursuant to the bargaining in the Plea Agreement" (*see id.* at 80, ¶ 21), is insufficient. The terms and conditions of the Fee Agreement do not include any such requirement. Rather, the Fee Agreement contains a provision entitled "No Guarantee of Outcome," which expressly provides that "the Attorneys have made no promises or guarantees regarding the outcome of [Plaintiff's] case." (*Id.* at 5, ¶ 10). Furthermore, to the extent Plaintiff continues to allege that Defendant somehow breached the plea

agreement he attached to both his Complaint and his Amended Complaint, Defendant was not a party to that plea agreement as this Court previously explained.  (*See* Docket No. 4 at 3, n. 3).

Next, Plaintiff has failed to plausibly allege an IIED claim under Pennsylvania law.  To do so, a plaintiff must allege that: (1) the defendant's conduct was extreme and outrageous; (2) it caused the plaintiff severe emotional distress; and (3) the defendant acted intending to cause such distress or with knowledge that such distress was substantially certain to occur.  *Brown v. Muhlenberg Twp.*, 269 F.3d 205, 218 (3d Cir. 2001). An IIED claim will only survive where " 'the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.' "  *Reedy v. Evanson*, 615 F.3d 197, 231-32 (3d Cir. 2010) (quoting *Field v. Phila. Elec. Co.*, 565 A.2d 1170, 1184 (Pa. Super. Ct. 1989)).  In addition, a plaintiff must allege that he suffered " 'some type of resulting physical harm due to the defendant's outrageous conduct,' " *Reedy*, 615 F.3d at 231 (quoting *Swisher v. Pitz*, 868 A.2d 1228, 1230 (Pa. Super. Ct. 2005)), which must be supported by competent medical evidence.  *McCracken v. R.J. Reynolds Tobacco*, 821 F. App'x 122, 127-28 (3d Cir. 2020) (citing *Kazatsky v. King David Mem'l Park, Inc.*, 527 A.2d 988, 995 (Pa. 1987) ("[E]xistence of the alleged emotional distress must be supported by competent medical evidence.")).

Contrary to this authority, Plaintiff has not alleged facts in his Amended Complaint sufficient to support any elements of an IIED claim.  Further, Plaintiff's Amended Complaint contains no allegation of physical injury or harm to him as a result of Defendant's conduct, let alone any allusion to competent medical evidence of the same.  Plaintiff only alleges that Defendant sought to withdraw as his counsel after he was sentenced, and that Defendant has not fulfilled "its continuing obligation pursuant to the Fee Agreement causing [him] to suffer . . .

irreparable injuries and disabilities for emotional distress and psychological distress." (Docket No. 8 at 82, ¶¶ 25, 27). These allegations are wholly insufficient to plausibly allege an IIED claim.

For the reasons discussed, Plaintiff's Amended Complaint fails to state a claim on which relief may be granted and must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) (authorizing the Court to screen and dismiss a complaint for failure to state a claim on which relief may be granted). Additionally, in view of the deficiencies identified herein, the Court concludes that it would be futile to allow another amendment. It is well established that "[a] District Court has discretion to deny a plaintiff leave to amend where the plaintiff was put on notice as to the deficiencies in his complaint, but chose not to resolve them." *Krantz v. Prudential Invs. Fund Mgmt. LLC*, 305 F.3d 140, 144 (3d Cir. 2002). Here, the Court not only previously gave Plaintiff an opportunity to amend his original Complaint, but also explained that his breach of contract claim was deficient because it failed to allege the requisite enumerated elements of such a claim. (*See* Docket No. 4 at 2-3). Plaintiff's Amended Complaint fails to cure the deficiencies that necessitated dismissal of the original Complaint. Moreover, given Plaintiff's focus on his Fee Agreement with Defendant, the Court is unable to conclude that he will be able to plausibly allege an IIED claim. *See Ghrist v. CBS Broadcasting, Inc.*, 40 F. Supp. 3d 623, 631 (W.D. Pa. 2014) ("As for the degree of the Defendant's misconduct, '[c]ases which have found a sufficient basis for a cause of action of intentional infliction of emotional distress have had presented only the most egregious conduct.' " (quoting *Hoy v. Angelone*, 720 A.2d 745, 754 (Pa. 1998) (further citing *Papieves v. Lawrence*, 263 A.2d 118 (Pa. 1970) (defendant, after striking and killing plaintiff's son with automobile, and after failing to notify authorities or seek medical assistance, buried body in a field where discovered two months later and returned to parents); *Banyas v. Lower Bucks Hosp.*, 437 A.2d 1236 (Pa. Super. Ct. 1981) (defendants intentionally fabricated records to suggest

that plaintiff had killed a third party which led to plaintiff being indicted for homicide); *Chuy v. Philadelphia Eagles Football Club*, 595 F.2d 1265 (3d Cir. 1979) (defendant's team physician released to press information that plaintiff was suffering from fatal disease, when physician knew such information was false)).  Therefore, affording Plaintiff another opportunity to amend his claims would be futile.

Accordingly, in view of the foregoing, the Court enters the following Order:

AND NOW, this 23rd day of June, 2023, IT IS HEREBY ORDERED as follows:

(1) Plaintiff's Motion for Leave to File an Amended Complaint, (Docket No. 10), is GRANTED;

(2) Plaintiff's Amended Complaint, (Docket No. 8), is DISMISSED WITH PREJUDICE;

(3) Plaintiff's Second Motion for Authorization to Obtain Service of Process Without Prepayment of the U.S. Marshal Fee, (Docket No. 9), is DENIED AS MOOT; and

(4) The Clerk of Court shall mark this case closed.

*s/ W. Scott Hardy*
W. Scott Hardy
United States District Judge

cc:   Gregory J. Podlucky (via U.S. mail)
      Inmate No. 30494-068
      RRM Phoenix
      Residential Reentry Office
      230 North First Avenue, Suite 405
      Phoenix, AZ 85003

      Gregory J. Podlucky (via U.S. mail)
      15 Gold Coin Court
      Colorado Springs, CO  80919